IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MARLENA HENDERSON, in her capacity as Legal Guardian of Layla Billingslea and Leiyah Bradford, the surviving minor children on Troyce Billingslea,<br><br>    Plaintiff,<br><br>vs.<br><br>KENDRA ORANGE, LPN, CORRECTHEALTH BIBB, LLC, HAROLD FRANKLIN, in his individual capacity, BRANNON GRACE, in his individual capacity, JORGE MORERA, in his individual capcity, MICHAEL RHODES, in his individual capacity, TERRALYN TAYLOR, in his individual capacity, ERIC WOODFORD, in his individual capacity, DAVID DAVIS, in his individual capacity, and JOHN DOES 1-5<br><br>    Defendants. | CIVIL ACTION FILE NUMBER:<br>5:25-CV-00052 (TES) |

**CONSENT CONFIDENTIALITY ORDER**

The parties agree that during the course of investigation and any future litigation, it may be necessary to disclose certain confidential information. They agree that certain categories of such information should be treated as confidential, protected from disclosure outside this investigation and any future litigation, and used only for

purposes of investigating, prosecuting or defending this potential action and any appeals. The parties jointly agree to limit the public disclosure, dissemination, and use of "Confidential Information" as follows:

1.  "Confidential Information" may include medical records and other Protected Health Information ("PHI") as defined by HIPAA, proprietary or nonpublic commercial information including policies and procedures, internal business or corporate processes, contracts, proposals, personnel records and information, non-public submissions and communications with governmental agencies, licensing, distribution, marketing and financial data, and other commercially and/or competitively sensitive information that could provide an unfair advantage to competitors or that was received or created on a confidential basis.

2.  "Confidential Information" will be designated in writing by either marking the actual documents (in a manner that does not interfere with legibility), marking the cover page for the documents, or by letter or e-mail clearly identifying the documents as confidential, such as identifying the specific category of documents that are confidential or identifying the Bates-stamp numbers of confidential documents. Inadvertent failure to designate a document as "Confidential" may be corrected by supplemental written notice given as soon as practical. Any "Confidential Information" designation may only be made on a good faith basis to

believe that the materials are properly protectable as outlined herein or as applicable by law.

3. In the event that a party receiving material designated as Confidential disagrees with such designation, that party shall serve a written notice of objection on the party designating the material. The parties shall then attempt in good faith to resolve the dispute. If the parties are unable to come to a resolution within thirty (30) days of the parties' good faith attempt to resolve the dispute, the party requesting protection of the material shall file a motion for protective order with the Court. Any such material shall be treated as Confidential until such time as the Court enters an order.

4. Confidential information shall not be used outside of the litigation except where permitted by agreement of the Parties or Order of any court. Attorneys of record in this litigation are permitted to share the information with their clients, employees who are working on the instant investigation, litigation, such as a paralegal or secretary, and with experts retained by the attorneys to render expert opinions in the instant matter. Confidential information may be used at trial or during the examination of witnesses at depositions.  Depositions or portions thereof upon oral or written questions may be classified as Confidential either by an examining party's attorney or by an attorney defending or attending the deposition. A party claiming that a deposition or any portion thereof is Confidential shall give notice of

such claim to the other affected parties and persons either prior to or during the deposition, and the testimony taken and the transcript of such deposition or portion thereof shall be designated as Confidential. The parties agree to take reasonable efforts to prevent unauthorized or inadvertent disclosure of all documents and information designated as confidential.

5.    In the event a party seeks to file with the Court any document containing confidential information, that party agrees to take appropriate action to insure that the document receives proper protection from public disclosure including: (a) filing a redacted document with the consent of the party who designated the document as confidential; (b) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely for *in camera* review; and/or (c) filing the document under seal in accordance with the court's local rules.

6.    "Confidential" documents will be used only in the instant matter. Within sixty (60) days after this investigation or litigation concludes by settlement, final judgment, or final order, including all appeals, all documents designated as Confidential, including copies of such documents, will be either destroyed or returned to the party who produced the document (unless the document has been offered into evidence or filed without restriction as to disclosure).

7.    Neither this Confidentiality Agreement, nor the production of any information under its terms, shall be deemed to have the effect of any admissions or waiver by

any party of any protection or privilege available as to that information. All objections with respect to admissibility, relevance, materiality of any information are specifically reserved.

      **SO ORDERED**, this __1st__ day of ___October_____, 2025.

                                                s/Tilman E. Self, III
                                      The Honorable Tilman E. Self, III
                                      United States District Judge