IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MARLENA HENDERSON, in her capacity as Legal Guardian of Layla Billingslea and Leiyah Bradford, the surviving minor children of Troyce Billingslea,<br><br>Plaintiffs,<br><br>v.<br><br>KENDRA ORANGE, LPN, CORRECTHEALTH BIBB, LLC, HAROLD FRANKLIN, in his individual capacity, BRANNON GRACE, in his individual capacity, JORGE MORERA, in his individual capacity, MICHAEL RHODES, in his individual capacity, TERRALYN TAYLOR, in his individual capacity, ERIC WOODFORD, in his individual capacity, DAVID DAVIS, in his individual capacity, and JOHN DOES 1-5,<br><br>Defendants. | Civil Action No. 5:25-cv-00052 |

## CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

Parties in the above-referenced action have served discovery seeking certain documents and other information which may contain confidential information. The unprotected release of such information within the context of a civil lawsuit raises concerns that disclosure of such confidential information is disclosed, through inadvertence or otherwise, to others. It appearing that production of documents and other discoverable material by the parties is likely to involve the disclosure of confidential information, **IT IS HEREBY ORDERED** as follows:

1

**Materials Covered**

1. This Protective Order shall apply to all information and materials produced by the parties in the above-captioned action. Such information and materials shall be referred to hereinafter as "Discovery Material" or "Discovery Materials" as appropriate.

2. "Discovery Material" and "Discovery Materials" as it is used herein, means (a) all documents, testimony, interrogatory answers, responses to requests for admissions, affidavits and other filings, briefs, memoranda of law, summaries, exhibits, transcripts, recordings, excerpts, notes, or anything stored on disk, computer drive, or other electronic medium; (b) any parts or portions thereof; (c) anything prepared for, derived from or incorporating the foregoing; or (d) reproductions of the foregoing.

**Definition of Confidentiality**

3. "Confidential Discovery Materials" shall include, but not be limited to, all Discovery Materials reflecting, referring to or evidencing trade secrets, sensitive commercial, financial or personal information, or proprietary contracts or other proprietary materials, or any investigation by the Bibb County Sheriff's Office into or surrounding the events of September 3, 2023, in, at, or in proximity to 668 Oglethorpe St. Macon, GA 31201, which location was operated by Bibb County Sherrif's Office.

**Method of Designation**

4. A party may designate as "Confidential" all or any portion of any Discovery Materials as follows:

    a. Documents or other tangible Discovery Material produced may be designated as Confidential by stamping or writing "Confidential" conspicuously on the front of the document or other Discovery Materials, or in the case of a video or audio recording in the electronic file name of the video or audio recording, at or before production to the other party.

b. Deposition transcripts. If Confidential Information is disclosed in a deposition, the Party wishing to designate the Material as Confidential shall so indicate on the records by the end of that deposition and also request that the court report mark the transcript and all copies as such.

c. Filings. If Confidential Information is contained in Material to be filed with the Court, the Material shall be filed in a sealed envelope or other container marked on the outside with the caption, identifying each item contained within, and a statement as follows:

**"CONFIDENTIAL INFORMATION – SUBJECT TO COURT PROTECTIVE ORDER."** This envelope contains documents or transcripts that are subject to a Protective Order entered by the Court. This envelope shall not be opened or the contents thereof displayed or revealed except by specific further Order of Court as is allowed by the Protective Order entered in the action. Violation of this prohibition may be treated as contempt of court.

d. Inadvertent failure to designate documents as Confidential at the time of production or disclosure shall not operate to waive a party's right to later designate such material or information as Confidential but a party shall not be held in breach of this Protective Order if, in the interim, such material or information has been disclosed to any person(s) not authorized to receive Confidential Discovery Materials under this Protective Order, unless it is clear on the face of the Discovery Material that the material or information constitutes Confidential Discovery Materials as defined in Paragraph 2 above. Once a belated designation has been made, the relevant Discovery Materials shall be treated as Confidential in accordance with this Protective Order.

**Treatment of Confidential Discovery Materials**

5.   Any person responsible for making copies of Discovery Materials must ensure that the copies adequately reflect the Confidential designation.

6.   Confidential Discovery Materials, and <u>the information contained therein,</u> including any copies, notes, abstracts or summaries thereof, shall be maintained in confidence by the person to whom such materials are produced or disclosed, and shall not be disclosed to any person, corporation, business, or governmental or private entity except:

    a.   The parties;

    b.   The Court, court personnel and court reporters who record deposition or other testimony in this case;

    c.   Counsel of record to the parties in the above-captioned litigation, co-counsel of record, and the legal associates, paralegals, computer personnel and clerical or other support staff who are employed by such counsel and are actively involved in assisting in the litigation to the extent reasonably necessary to render professional services in the above-captioned litigation;

    d.   Experts or consultants retained by the parties or their counsel to assist counsel in the prosecution or defense of this case to the extent reasonably necessary to formulate his or her opinions with respect to the subject matter in which he or she has been consulted or asked to testify in the litigation;

    e.   Potential fact witnesses who may have knowledge of facts and information relevant to issues in the above-captioned litigation;

  f. The directors, officers, and employees of the parties to whom it is necessary to disclose for the purposes of this litigation; and

  g. Any other person only upon order of the Court or upon written stipulation of the party producing the Discovery Materials.

7. All persons authorized by this Protective Order to receive information from Confidential Discovery Materials shall maintain such information as confidential in accordance with this Protective Order, and shall use such information solely for the purpose of preparing for and conducting the above-captioned litigation, and shall not use such information for any other purpose, including any business, governmental, or commercial purpose or any administrative or other judicial proceeding, or any other litigation or pending litigation.

8. All persons authorized to receive Confidential Discovery Materials under this Protective Order (other than the Court, court personnel and court reporters) shall be shown a copy of this Protective Order, and, if not a party to this litigation or a lawyer acting as counsel to a party or an employee of such counsel, shall, in a written and signed Certificate such as that annexed hereto as Appendix A, state that he or she has read and understands this Protective Order and agrees to be bound by the terms thereof; that he or she understands that unauthorized disclosures of designated confidential information may constitute contempt of court and that he or she consents to the exercise of personal jurisdiction by this court for the limited purpose of enforcing this Protective Order. Counsel of record for that party shall retain the Certificate until the conclusion of the litigation, and shall make such certificate available to counsel for the parties if requested.

9. Whenever Confidential Discovery Materials is to be referred to or disclosed in a deposition or hearing, any Party may exclude from the room any person who is not entitled to receive such Confidential Discovery Materials pursuant to this Protective Order.

10. If at any time any Confidential Information, custody, or control of the Party who did not produce the Confidential Information is subpoenaed by any court, administrative agency, or legislative boy, or is requested by an person or entity purporting to have authority to compel the production of such information, the Party to whom the subpoena or other request is directed shall immediately provide written notice to the Party who produced such Confidential Information.

11. This Protective Order is binding on all parties to this Action. In the event that additional parties join or are joined in this Action, they shall not have access to Confidential Discovery Materials until the newly joined party by its counsel has executed and filed with the Court its agreement to be fully bound by this Protective Order.

**Unauthorized Disclosure**

12. In the event that information from Confidential Discovery Materials is, either advertently or inadvertently, disclosed to someone not authorized to receive such information under this Protective Order, or if a person so authorized breaches any of his or her obligations under this Protective Order, counsel of record for the party involved shall immediately give notice of such unauthorized disclosure or breach, including a full description of all pertinent facts, to counsel of record for the party that produced the Confidential Discovery Materials. Without prejudice to other rights and remedies of the party which produced the Confidential Discovery Materials, counsel for the party making the unauthorized disclosure shall make every effort to have the improperly disclosed Confidential Discovery Materials returned and to prevent further disclosure by it or by the person who was the recipient of such information.

**Use in Court**

13. If Confidential Discovery Materials or quotes from or references to such materials, are to be included in pretrial papers filed with or otherwise disclosed to the Court, the parties agree

that they will confer in good faith to reach an agreement concerning the manner of filing such papers. If the parties cannot in good faith reach an agreement concerning the manner of filing such papers, such papers shall be fully redacted and labeled "Confidential -- Subject to Court Order" and, unless otherwise agreed by counsel, shall not be available for public inspection. Contemporaneously with the filing of any redacted materials and papers so labeled under this paragraph, counsel for the filing party shall also file a motion for the unredacted copies to be made under seal. The Court's later adjudication of whether the unredacted materials may or may not be filed under seal shall not cause an otherwise timely motion to be deemed untimely.

14. The designation of any Discovery Material as Confidential pursuant to this Protective Order shall not affect its admissibility at trial; however, prior to trial, the Court shall order an appropriate procedure for the use at or during the course of the trial of such material, including any order regarding the appropriateness of any Confidential designation.

**Use in Depositions**

15. If any Confidential Discovery Materials are used during the course of a deposition, the portion of the deposition record relating to or reflecting such information shall be deemed Confidential and access thereto shall be limited pursuant to the other terms of this Protective Order.

16. If a deposition witness other than a party or agent of a party is to be shown Confidential Discovery Materials as part of the deposition, the parties will confer in good faith to reach an agreement concerning the procedure to be utilized for showing such materials to the witness. If the parties cannot in good faith agree on the procedure, the witness may not be given a copy of such materials, but a deposition witness may be shown Confidential Discovery Materials by the attorney then conducting the examination of that witness under the following conditions:

        a.    any witness may be shown a document in which the witness is identified as a signatory, author, addressee or recipient of a copy;

7

    b.    a current officer, director or employee of a party may be shown any document designated as Confidential by that party; or

    c.    any witness who complies with the provisions of paragraph 7 of this Protective Order.

**Objections to Confidential Treatment**

17.    (a)    If any party objects to the designation of any Discovery Materials as Confidential the party shall state the objection with particularity by letter to counsel for the party that made the designation. Thereafter, if the parties are unable to resolve the objection, the objecting party may move the Court to remove the particular Discovery Materials from confidential treatment. Until the Court rules on any such motion, the Discovery Materials shall continue to be deemed Confidential under the terms of this Protective Order.

    (b)    The provisions of this paragraph are not intended to shift the burden of establishing confidentiality, which at all times shall be borne by the party or person designating Discovery Materials as Confidential.

18.    If a party in possession of Confidential Discovery Materials receives a subpoena from a non-party to this Protective Order seeking production or other disclosure of Confidential Discovery Materials, he or she shall immediately give written notice to counsel for the party which produced the Confidential Discovery Materials, identifying the material sought and enclosing a copy of the subpoena. Where possible, at least ten (10) days notice before production or other disclosure shall be given. In no event shall production or disclosure be made before notice is given and received. Subject to the foregoing, a party shall not be obligated to resist compliance with the subpoena.

19.    Any third party who receives a subpoena or discovery request from any party may elect to join this Agreement and to designate and produce documents as Confidential in the manner set forth in this Agreement.

8

### No Waiver

20. Any disclosure or use of Confidential Information by a Party to others, pursuant to the terms of the Protective Order, does not constitute waiver of the confidentiality of the information subject to this Protective Order absent express indication by the Party that such confidentiality has been waived.

Execution of this Protective Order does not constitute a waiver by the Parties of any rights they may otherwise have. Specifically, this Protective Order does not affect the rights of the Parties to protect information, documents, and things from disclosure based on valid objections, including but not limited to attorney-client privilege or work product doctrine. Nothing in this Protective Order shall prevent a Party seeking modification of this Protective Order or from objecting to discovery that it believes to be improper. The court may enter such other and further orders as it deems appropriate.

### Conclusion of Litigation

21. Within thirty (30) days of the conclusion of this litigation by settlement or final judgment, including exhaustion of all appeals, counsel of record for the parties shall use their best efforts to secure the return or destruction of all Confidential Discovery Materials (and all copies thereof and notes, abstracts or summaries made therefrom) from all persons to whom such materials were disclosed under the terms of this Protective Order, shall destroy all such materials and notify counsel for the party that produced the Confidential Discovery Materials that they have been destroyed. Notwithstanding the foregoing, counsel for the parties may retain a copy of the Confidential Discovery Materials as well as their work product and copies of court filings and official transcripts and exhibits, provided said retained documents are kept confidential and will, along with the information contained therein, continue to be treated as provided herein. The

provisions of this Protective Order shall not terminate upon the conclusion of this action, and the Court will retain jurisdiction to enforce it.

22. After termination by judgment or otherwise of this Action, this Protective Order shall remain binding on all persons identified in this Protective Order and all other persons who have agreed to be bound by this Protective Order. This Court shall retain jurisdiction, following termination of this Action, to adjudicate all disputes either between the Parties or between a Party and a third party relating to or arising out of this Protective Order.

## Modification of This Agreement

23. The provisions of this Protective Order may be modified at any time upon order of the Court or by stipulation of the parties approved by order of the Court.

## Reservation of Rights

24. Nothing in this Protective Order shall constitute: (i) an agreement by the parties to produce any documents or supply any information or testimony in discovery not otherwise agreed upon or required by the rules of discovery or court order; (ii) a waiver by any person or party of any right to object to or seek a further protective order with respect to any discovery request in this or any other action; or (iii) a waiver of any claim of immunity or privilege with regard to any testimony, documents or information.

25. Evidence of the existence or non-existence of a designation under this Protective Order shall not be admissible for any purpose, other than for the purpose of enforcing the terms of this Protective Order.

26. Nothing contained in this Protective Order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of the confidential documents and information sought.

SO ORDERED this 14 day of Oct, 2025:

_____
TILLMAN E. SELF, III, JUDGE
UNITED STATES DISTRICT COURT

STIPULATED TO FOR PLAINTIFFS:

/s/ Michael B. Hill
Michael B. Hill (*with express permission by Lauren N. Schultz*)
Georgia State Bar No. 768274
The Hill Firm
5444 Riverside Drive, Suite 202
Macon, GA 31210
michael@hill-legal.com


STIPULATED TO FOR DEFENDANTS
GRACE, RHODES, WOODFORD
& DAVIS:

/s/ Lauren N. Schultz
LAUREN N. SCHULTZ
Georgia State Bar No. 818565
James Bates Brannan Groover LLP
231 Riverside Drive, Suite 100
PO Box 4283
Macon, GA 31208-4283
(478) 742-4280 (phone)
lschultz@jamesbatesllp.com

STIPULATED TO FOR DEFENDANTS
CORRECT HEALTH & ORANGE:

*/s/ Chelsea Murphy*
CHELSEA MURPHY (*with express permission by Lauren N. Schultz*)
Georgia State Bar No. 919109
Lavender, Hoffman, Emery, LLC
750 Hammond Drive
Building 2, Suite 200
Atlanta, GA 30328
cmurphy@lhefirm.com


STIPULATED TO FOR DEFENDANTS
MORERA & TAYLOR:

*/s/ Charles R. Adams, III*
CHARLES R. ADAMS, III(*with express permission by Lauren N. Schultz*)
Georgia State Bar No. 002701
ADAMS LAW FIRM
113 Knoxville Street
Fort Valley, GA 31030
Cadamsiii.ga@gmail.com


STIPULATED TO FOR DEFENDANT
FRANKLIN:

*/s/ Grace Simms Martin*
WILLIAM H. NOLAND
Georgia State Bar No. 545605
GRACE SIMMS MARTIN(*with express permission by Lauren N. Schultz*)
Georgia Bar No. 279182
Noland Law Firm, LLC
5400 Riverside Drive, Suite 205
Macon, GA 31210
(478) 621-4980 (phone)
william@nolandlawfirmllc.com
grace@nolandlawfirmllc.com